```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Joseph Brown,                          :
      Plaintiff,                 :
                              :
   v.                                  :   File No. 1:08-CV-201
                              :
Joshua Catella, Matthew                :
Birmingham, Trevor Carbo,               :
John O'Connor,                          :
      Defendants.                :

<u>ORDER</u>
(Paper 6)

Plaintiff Joseph Brown, proceeding *pro se* and *in forma pauperis,* brings this action claiming that when he was arrested for suspected drug activity, the arresting officers used foul language, a racial epithet, and excessive force. He also suggests that he was the victim of racial profiling. In a separate claim, Brown alleges that defendant Joshua Catella made false statements in an affidavit.

Brown's criminal case is pending. <u>See</u> <u>United States v. Lavendier</u>, File No. 2:06-CR-82. In this civil action, he seeks a declaration of unlawful activity and damages. Currently before the Court is his motion for appointment of counsel (Paper 6).

Litigants in civil cases have no constitutional right to counsel. <u>See</u> <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1260 (2d Cir. 1984). A court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but cannot compel an attorney to accept a civil

case *pro bono*. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989). A district court considering whether to request an attorney for a *pro se* civil litigant must first determine whether the litigant's position seems "likely to be of substance." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); see also Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204-05 (2d Cir. 2003); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Only if a litigant's claims meet this "threshold requirement," should a court consider other factors, such as the petitioner's "ability to handle the case without assistance in light of the required factual investigation, [and] the complexity of the legal issues. . . ." Cooper, 877 F.2d at 172.

This case is still in the earliest stages. The defendants were only recently served and have not yet had an opportunity to respond to the allegations in the complaint. Without a response from the defendants, it is difficult for the Court to assess whether the case has sufficient merit to warrant the appointment of counsel. Furthermore, the facts of the case appear to focus on two discrete events: the arrest and the drafting of an affidavit. Neither should involve much factual investigation. While Brown contends that the legal issues are complex, he has not identified what

those issues will be. Finally, the Court does not see any "special reason . . . why appointment of counsel [will] be more likely to lead to a just determination." Hodge, 802 F.2d at 62. The motion for appointment of counsel (Paper 6) is, therefore, DENIED without prejudice. If, as the case proceeds, Brown finds that he can meet the standard for appointment of counsel, he may file another motion for the Court's consideration.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 7th day of January, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge